IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PHILANDER BUTLER,

    Petitioner,

vs.                                No. 10-2230-STA-dkv

ROBERT E. COOPER, JR., et al.,

    Respondents.

_____

ORDER DENYING LEAVE TO AMEND
ORDER DENYING PETITIONER'S MOTION TO SUPPLEMENT AND AMEND
HIS MOTION TO ALTER OR AMEND
ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND
AND
ORDER REAFFIRMING MARCH 16, 2011, ORDER

_____

        On April 2, 2010, Petitioner Philander Butler, Bureau of Prisons inmate registration number 16665-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254, accompanied by a legal memorandum and numerous attachments. (ECF No. 1.) The petition challenges three guilty plea convictions obtained in the Criminal Court for Shelby County, Tennessee, for selling a controlled substance (Case Number 88-08249), possession of a controlled substance with intent to sell (Case Number 90-04544), and attempted possession of a controlled substance (Case Number 90-06943). Pursuant to the provisions of a plea agreement, the trial court

ordered the sentences in Case Numbers 90-04544 and 90-06943 to run concurrently with the sentence in Case Number 88-08249, which made the 1988 sentences illegal under Tennessee law. In this federal habeas petition, Butler raised the following issues:

1. Whether Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated because Petitioner was not advised of his rights to appeal his sentences and to have counsel represented to appoint him on appeal; and

2. Whether the trial court lacked jurisdiction and authority to run Petitioner's sentences concurrently when the statute required consecutive sentencing.

(ECF No. 1 at 5, 6-7.)

On August 9, 2010, Respondent Cooper filed a motion to dismiss the petition as time barred, supported by portions of the state-court record. (ECF No. 14.) On January 18, 2011, the Court issued an order that, inter alia, directed Respondent to file a supplemental memorandum addressing Butler's claim that the timeliness of the instant petition should be evaluated under 28 U.S.C. § 2244(d)(1)(D). (ECF No. 25 at 5-6.) Respondent filed his supplemental memorandum on February 14, 2011 (ECF No. 26), and, on March 8, 2011, Petitioner filed his Motion to Strike and/or Dismiss Respondent's Supplemental Memorandum of Law in Support of His Motion to Dismiss, and in the Alternative, Traverse to the Merits of Respondent's Supplemental Memorandum of Law in Support of His Motion to Dismiss (ECF No. 29). The Court issued an order on March 16, 2011, that, inter alia, granted the motion to dismiss Claim 1

2

pertaining to the convictions in Case Numbers 90-04544 and 90-06943, denied the motion to dismiss Claim 1 in Case Number 88-08249, granted the motion to dismiss Claim 2, and directed Respondent to file a supplemental response to Claim 1 in Case Number 88-08249 and the remainder of the state-court record. (ECF No. 31.)

On March 25, 2011, Butler filed Petitioner's Motion to Alter or Amend Order or Reconsider Order Granting in Part and Denying in Part Respondent's Motion to Dismiss Order of Partial Dismissal and Second Order Directing Respondent Cooper to File the Complete State-Court Record and a Response Pursuant to Rule 59(e)Fed.R.Civ.P. (ECF No. 32.) On March 30, 2011, Butler filed a Motion to Supplement and Amend Pursuant to Fed.R.Civ.P. 15(a), (c)(2), (d), Petitioner's Motion to Alter or Amend Order or Reconsider Order Granting in Part and Denying in Part Respondent's Motion to Dismiss, Order of Partial Dismissal and Second Order Directing Respondent to File the Complete State Record and Response Pursuant to Rule 59(e) Fed.R.Civ.P. (ECF No. 33.) On September 2, 2011, Butler filed a Motion to Supplement and Amend Pursuant to 15(c)(2) and (d) Fed.R.Civ.P. Petitioner's Original Complaint and Motion to Alter or Amend Order or Reconsider Order Granting in Part and Denying in Part Respondent's Motion to Dismiss Order, Order of Partial Dismissal and Second Order Directing Respondent Cooper to File the Complete State-Court Record and a Response Pursuant to

Rule 59(e) Fed.R.Civ.P. (ECF No. 45.) On September 19, 2011, Respondent filed his Response in Opposition to Petitioner's Motion to Supplement and Amend. (ECF No. 46.)

To the extent the motion filed on September 11, 2011, seeks leave to amend the petition to assert a new claim for relief, the motion is DENIED WITHOUT PREJUDICE.[1] Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition pursuant to 28 U.S.C. § 2254 "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This district uses the form promulgated by the Administrative Office of the United States Courts. Use of that form is necessary to permit the Court to review claims presented by habeas petitions in an efficient manner and, in particular, to assess whether those claims were fairly presented to the state courts. Butler's motion does not include a proposed amendment on the official form. The Court will, therefore, consider the September 11, 2011, motion solely as a request to file a second supplement to the motion for reconsideration.

Because no final judgment has been entered, Butler's motion is properly considered under Federal Rule of Civil Procedure 54(b) rather than under Rule 59(e).[2] Butler's motions do not comply

---

[1]     Any renewed motion for leave to amend must be filed within 30 days of the date of entry of this order.

[2]     Rule 54(b) provides, in pertinent part, as follows:

[A]ny order or other decision, however designated, that adjudicates
(continued...)

with this Court's local rules in several important respects. This district has a local rule governing Rule 54(b) motions, which provides as follows:

> (a) <u>Application to Non-Final Orders.</u> Before entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule. Motions to reconsider interlocutory orders are not otherwise permitted.
>
> (b) <u>Form and Content of Motion to Revise.</u> A motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.
>
> (c) <u>Prohibition Against Repetition of Argument.</u> No motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised. Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing.

---

[2] (...continued)
fewer than all the claims or the rights and liabilities as to any of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

LR7.3. Moreover, LR7.2(e) provides that, "[u]nless otherwise ordered by the Court, memoranda in support and in opposition to motions shall not exceed 20 pages in length, and reply memoranda, if permitted, shall not exceed 5 pages in length."

Butler has filed a 17-page motion for reconsideration (ECF No. 32), along with two proposed supplements, one of which is 11 pages in length (ECF No. 33) and the other of which consists of two documents, one of which is two pages long and the other eight pages (ECF No. 45).[3] The multiple motions submitted by Petitioner far exceed the page limitation provided in LR 7.2(e). In addition, Petitioner's habit of splitting his motions into multiple filings presents an unreasonable burden on the Court's resources and ability to conclude this litigation in a timely manner. Therefore, leave to supplement and amend the motion for reconsideration is DENIED.

With the sole exception of the first issue presented in the motion for reconsideration (ECF No. 32), which will be addressed <u>infra</u>, Petitioner's motion to alter or amend does not comply with LR 7.3. Therefore, the Court DENIES the motion to alter or amend.

Butler's motion to alter or amend did point out that the March 16, 2011, order did not consider his response to Respondent's

---

[3] These calculations exclude the exhibits and Butler's 27-page reply to Respondent's supplemental memorandum (ECF No. 29), which, as Butler correctly notes, was overlooked when the March 16, 2011, order issued.

supplemental memorandum (ECF No. 29). (ECF No. 32 at 1.) Because the Clerk did not properly docket ECF No. 29,[4] the Court did not consider it before issuing the March 16, 2011, order.[5] The Court has now considered ECF No. 29, and nothing in that document persuades it that the prior order was erroneous.

It is important to recall that the Court directed Respondent to file a supplemental brief because his motion to dismiss did not adequately address Petitioner's argument that the running of the limitations period should be evaluated under 28 U.S.C. § 2244(d)(1)(D), which had already been presented by Petitioner in three different submissions. (See ECF No. 25 at 5.) Thus, Butler's position had already been thoroughly developed.

Nonetheless, Butler was allowed to file a reply to respond to the arguments in Respondent's supplemental memorandum. Under LR 7.2(e), that reply was limited to five pages in length. Butler's 27-page reply far exceeds that limitation, and the document also improperly addresses matters outside the scope of the supplemental memorandum.[6]

---

[4] ECF No. 29 was docketed as "Court Order re 25 to File Supplemental Memorandum of Law to [DE 23]."

[5] To the extent Butler contends he was entitled to file an additional reply, he is mistaken. On February 25, 2011, Butler filed a motion seeking an extension of time to reply. (ECF No. 28.) In an order issued on March 14, 2011, the Court granted Butler until March 25, 2011, to reply to Respondent's supplemental memorandum. (ECF No. 30.) Butler had filed his response on March 8, 2011 (ECF No. 29), so the order should have also stated that that reply was timely filed. Butler does not have a right to file a second reply.

[6] For example, Butler devotes 9 pages to an argument that Respondent waived its statute of limitations defense (ECF No. 29 at 1-9), which had been
(continued...)

Petitioner's discussion of DiCenzi v. Rose, 452 F.3d 465 (6th Cir. 2006), is not persuasive. (See ECF No. 29 at 9-11.) Unlike Butler, the prisoner in DiCenzi had asserted a claim based on the Ohio Court of Appeals' denial of his motion for a delayed appeal, which the Sixth Circuit characterized as an "appeal-based claim." The prisoner's claims based on the failure to advise him of his right to appeal were labeled "sentencing-based claims." See DiCenzi, 452 F.3d at 468. The Sixth Circuit Court of Appeals held the appeal-based claim to be timely, id. at 469, and it remanded the sentencing-based claims to the district court for a determination of "when a defendant in DiCenzi's position, acting with due diligence for AEDPA statutory purposes, would have discovered his right to an appeal," id. at 472.

Butler's reply cites the decision in McIntosh v. Hudson, 632 F. Supp. 2d 725 (N.D. Ohio), appeal dismissed, 417 F. App'x 499 (6th Cir. 2011) (per curiam). Like DiCenzi, and unlike the instant case, the petition at issue presented both appeal-based and conviction-based claims. The court held that the conviction-based claims were time-barred because the prisoner "did not act to discover any appellate rights for more than two-and-a-half years after his conviction," whereas "[a] person in Petitioner's position exercising due diligence would have acted much sooner, seeking out

---

⁶ (...continued)
addressed in the orders issued on November 12, 2010 (ECF No. 21), and January 18, 2011 (ECF No. 25 at 3-4).

his rights and remedies...." Id. at 735. The court held that the appeal-based claims were timely. Id.[7]

In his reply to the supplemental memorandum, Butler states that his claims should be analyzed like the appeal-based claims in DiCenzi and McIntosh. (ECF No. 29 at 10-12.) However, Butler has not asserted a claim for relief on the basis of a state-court's denial of leave to take a delayed appeal. The claims asserted by Butler, see supra p. 2, are sentencing-based claims that require a showing of due diligence.

Most of the remainder of Butler's reply addresses the merits of the issues presented in his petition and repeats and expands upon arguments previously made about the timeliness of the claims presented. (ECF No. 29 at 12-22.) Those arguments are outside the proper scope of a reply brief and will not be addressed. Petitioner's arguments at pp. 22-26 assume, incorrectly, that his federal habeas claims include an appeal-based claim.

Having considered the arguments presented in Butler's reply, the Court concludes that they would not have altered the

---

[7] The court also addressed the merits of the appeal-based claims, noting that, under Ohio law, even defendants who plead guilty have a limited right to appeal. Id. at 737-38. Because the inmate was not advised of that right, the court granted a conditional writ of habeas corpus on the appeal-based claims. Id. at 738-39. The Sixth Circuit Court of Appeals dismissed the State's appeal as moot after the state courts had adjudicated the delayed appeal. In so holding, the Court of Appeals stated that "[t]he sole reason we dismiss this appeal is that it is now moot and thus immune from review . . . ; whether a right to notice of appeal in these circumstances is 'clearly established,' however, remains an open question." McIntosh, 417 F. App'x at 500. The Court of Appeals dismissed the appeal for want of jurisdiction "[b]ecause we lack the authority to vacate the district court's now moot judgment granting habeas relief." Id.

substance of the order issued on March 16, 2011. The Court REAFFIRMS that order. The motion to alter or amend is DENIED.

IT IS SO ORDERED this 20th day of February, 2012.


                                                     **s/ S. Thomas Anderson**
                                                     S. THOMAS ANDERSON
                                                   UNITED STATES DISTRICT JUDGE